THE VILLAGE OF PEEKSKILL, Plaintiff, *v.* THE PUTNAM AND WESTCHESTER TRACTION COMPANY, Defendant.

Second Department, January 25, 1918.

Street railroads — maintenance of highway — Railroad Law, section 178, not repealed by Highway Law, sections 137 and 142a — change of grade.

Section 178 of the Railroad Law, providing for the maintenance by railroad companies of the highway between and outside of the tracks, has not been impliedly repealed by sections 137 and 142a of the Highway Law providing for the construction of State or county highways through villages, and the fact that a village did not at the time of the improvement of a portion of a highway by the Highway Department, deem it advisable to have the other portion of the highway over which a street railroad was being operated improved, does not prevent it from subsequently com-

pelling said street railway company to repair the street in compliance with its franchise and section 178 of the Railroad Law.

A change of grade at the crown of a street to an unstated amount is not a change of grade within the contemplation of the statute.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Robert F. Barrett, Corporation Counsel,* for the plaintiff.

*H. R. Barrett,* for the defendant.

THOMAS, J.:

The defendant company has a franchise to operate over its tracks in the village of Peekskill upon the stipulation that it shall maintain and keep in repair the portion of the street used therefor " between its tracks, the rails of its tracks and two feet outside of its tracks." The agreement incorporates the command of section 178 of the Railroad Law, which directs the same things to be done under the supervision of the local authorities " whenever required by them to do so, and in such manner as they may prescribe," and that in case of neglect such authorities may do them at the expense of the corporation.* The defendant has refused to make the repairs; the plaintiff has caused them to be made, and the controversy now submitted is, whether section 178 has been repealed by implication by the Highway Law, of which section 137 authorizes the construction of a State or county highway through a village, unless the street has " been so improved or paved as to form a continuous and improved highway of sufficient permanence as not to warrant its reconstruction, in which case such highway shall be constructed or improved to the place where such paved or improved street begins." Section 137 then provides for an instance where " it is desired to construct or improve any portion of a State or county highway within such village   *   *   *   at a width greater than that provided for in the plans," or to modify the plans with increased cost. The desire is to be expressed by the trustees of the village, and the Highway Commission must heed it; but the

*See Consol. Laws, chap. 49 (Laws of 1910, chap. 481), § 178, as amd. by Laws of 1912, chap. 368.— [REP.

" cost of such additional construction " must be paid by the village. (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], § 137, as amd. by Laws of 1910, chap. 233; Laws of 1911, chap. 88; Laws of 1912, chap. 88, and Laws of 1913, chaps. 131, 319.)* The defendant's contention is that the Highway Law, amended so as to enable the continuance of State or county highways through or into villages, did not provide for an occupying railroad company sharing in the expense thereof, and that for that purpose the Highway Law was amended by the addition of section 142a, which did make such provision, but excepted the county of Westchester in this way: " This section shall not apply to such paving or improvements in villages in counties adjoining cities of the first class." (Laws of 1913, chap. 177.)† If defendant's entire contention be true, the defendant is relieved *in toto* from paving within and about its tracks, or from the cost thereof. The amendment of 1913 to the Highway Law (§ 142a) contemplates that when a State or county highway is constructed along a village street on which a street railroad is laid, the proposal and contract shall include the spaces for the maintenance of which railroad companies had been made responsible under the Railroad Law; but that the work shall be done " under the same supervision as the work of improvement of the remainder of such street," and that the cost of the improvement in such spaces shall be certified to the authorities, who shall assess it upon the property of the railroad company. But it is to be observed that what should be done in that regard under section 142a depends upon the exercise of the power given by section 137, whereby, as already stated, there was granted ability to continue the State or county highway, an enablement, however, not to be exercised if the existing village street is in such condition as to form a proper continuation of the State or county highway. It has been noticed that if the proposal to improve the village street does not meet the desires of the local authorities, amended proposals incurring increased cost must be adopted a  the expense of the village. In the present case the village authorities accepted

* Since amd. by Laws of 1916, chap. 571.— [Rep.
† Since amd. by Laws of 1916, chap. 578.— [Rep.

on April 25, 1912, the original plans of the Highway Department, made pursuant to sections 137 to 142a of the Highway Law, and the work was done without expense to the village. The plans did not cover the spaces maintainable by the railroad company, nor did the village ask for such change of the plans as would include such spaces in the proposals, the contract, the work, or the supervision of the Highway Department, nor did such proposals, contract or work limit the construction or improvement of the State or county highway " to the place where such paved or improved street begins," if that means the outward terminal, nor did the State Highway Department condemn or disapprove of the part of the street occupied by the railroad company. What was done was this: The improvement was on the easterly side of the street with its westerly side two feet from the easterly rail. That left the railroad spaces and all westerly thereof undisturbed. So the street remained until April 16, 1915, when the plaintiff decided to pave such portion of the street as the State had not included in its undertaking and notified the defendant to do its part as required by the Railroad Law (§ 178), and to lay a new rail in conformity to the requirements of the paving and the new level, which was unchanged at the curb but somewhat lower at the crown of the road. The defendant furnished the new rails, but otherwise refused to do the work. All of this improvement could have been done in 1912 when the Highway Department made its improvement on the street easterly of the railroad, and the Highway Department would have been compelled to improve the street through its whole width had the village authorities demanded that it should be done at its own expense. But it must be assumed that the Highway Department and defendant did not at that time regard the additional work necessary, presumably because the unimproved portion had the apparent uniformity and permanence that did not require immediate reconstruction. The Highway Department was not required to improve any of the village street, if it deemed it unnecessary. What would then happen? Must the village leave it forever unimproved? I cannot think so. The plaintiff could not compel the Highway Department to do it in 1915.

That Department decided and acted in 1912, and even if its powers had not abated, the village could not set it in motion. The village was always subject to find its streets untouched by the Highway Department, or affected in part only by its action.   Whenever the Highway Department did propose to improve a street and the defendant insisted that the width as planned should be greater, the increased cost rested on the village.   But the plaintiff was not obliged to demand that there should be done in 1912 what was not necessary until 1915, and for that purpose require fuller improvement of the street, or indeed if the Department did not improve any part of the street that it should do so.   The result is that the Highway Law did not involve an unlimited and unconditional new jurisdiction of village streets, or an universal new method of improving them inconsistent with the existing law, and hence the earlier statutes were not superseded.   What was done was to authorize the Highway Department, in the course of the improvement of a highway, to carry the same upon and through a village street, if the same were required for the continuity of an appropriate highway, and when it exercised its power a village could at its own expense insist that the improvement be something more in quality and quantity, but was not required to do so, if proper administration of the highways did not require it or the finances did not permit it.   Nor can I think that, if the Highway Department did not propose improvement that included the railroad, and the village did not ask for it at the time, the railroad should go free in case the village at some future and more fit time should propose to do what the Department had not done.   It results from this discussion that the plaintiff should have judgment as demanded.   It is also concluded that there was not change of the grade.   The change of grade at the crown of the street to an unstated amount is not a change of grade in the sense contemplated by the statute.

Judgment for plaintiff, with costs.

JENKS, P. J., PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Judgment for plaintiff on agreed statement of facts, with costs.